*Sanders v. Sanders*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> MARY KAY VYSKOCIL,
> *District Judge*.[*]

_____

SCOTT ERIC SANDERS, individually and as father of, and fiduciary for, JO.S. and JE.S.,

> *Plaintiff-Appellant*,

v.                                                                 No. 22-99

MARCIE LYNN SANDERS, ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK PC, A. MITCHELL GREENE, SCOTT LAVIN, MICHAEL URY, FRANKLIN URY, SUZANNE

---

[*] Judge Mary Kay Vyskocil, of the United States District Court for the Southern District of New York, sitting by designation.

URY, ANTHONY J. DOMINO, JR. , ANDREW LANKLER, BAKER BOTTS, LLP,

*Defendants-Appellees.*[†]

| | |
|---|---|
| **For Plaintiff-Appellant:** | Gustavo D. Lage, Sanchez-Medina, Gonzalez, Queseda, Lage, Gomez & Machado, LLP, Miami, FL. |
| **For Defendants-Appellees Marcie Lynn Sanders, Michael Ury, Franklin Ury, and Suzanne Ury:** | Adam M. Foslid, Stumphauzer Foslid Sloman Ross & Kolaya, PLLC, Miami, FL. |
| **For Defendants-Appellees Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, and Scott Lavin:** | Michael Eisenberg, William A. Rome, Leech Tishman Robinson Brog, New York, NY. |
| **For Defendants-Appellees A. Mitchell Greene and Scott Lavin:** | Ira Gutt, Behar, Gutt & Glazer, P.A., Fort Lauderdale, FL. |
| **For Defendant-Appellee Anthony J. Domino, Jr.:** | David S. Richan, Baritz & Colman LLP, New York, NY. |
| **For Defendants-Appellees Andrew Lankler and Baker Botts, LLP:** | David P. Ackerman, Christine Gardner, Akerman LLP, West Palm Beach, FL, Angad Bhai, Philip Touitou, Akerman LLP, New York, NY. |

---

[†] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Scott Eric Sanders ("Scott") appeals from the district court's dismissal of his claims against his ex-wife – Marcie Lynn Sanders ("Marcie") – and her attorneys, financial advisors, and various associates, including Robinson Brog Leinwand Greene Genovese & Gluck PC, A. Mitchell Greene, Scott Lavin, Michael Ury, Franklin Ury, Suzanne Ury, Anthony J. Domino, Jr., Andrew Lankler, and Baker Botts, LLP (collectively, with Marcie, the "Defendants"). Principally, Scott contends that the district court erred by: (1) taking judicial notice of the judgment and related court filings in the New Jersey divorce proceeding between Scott and Marcie; (2) failing to convert the Defendants' motion to dismiss to a motion for summary judgment; (3) finding that the doctrine of collateral estoppel, or issue preclusion, barred Scott from bringing the claims asserted in his federal complaint; and (4) dismissing the complaint with prejudice. We address each argument in

turn, and in so doing assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Judicial Notice

The district court did not abuse its discretion by taking judicial notice of the New Jersey divorce proceeding, including the judgment and related filings. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008). Under the Federal Rules of Evidence, courts "may judicially notice a fact that is not subject to reasonable dispute because it" either is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. Applying this rule, we have held that "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (internal quotation marks omitted). Thus, in resolving motions based on issue preclusion, courts are permitted to take judicial notice of judgments and filings in related litigation, as long as they look to such documents to determine the scope of what was previously litigated and decided, not as evidence of the relevant

4

events discussed therein. *See, e.g.*, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498–99 (2d Cir. 2014); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988); *Williams v. N.Y.C. Hous. Auth.*, No. 19-cv-918 (BMC), 2019 WL 1765081, at \*3 (E.D.N.Y. Apr. 22, 2019), *aff'd*, 816 F. App'x 532 (2d Cir. 2020). Because that is all that the district court did here with respect to the New Jersey divorce proceeding, we affirm the district court's taking judicial notice of the relevant litigation materials. *See Sanders v. Sanders* (*Sanders I*), No. 20-cv-5621 (VEC), 2021 WL 4392053, at \*4–5 (S.D.N.Y. Sept. 24, 2021); *Sanders v. Sanders* (*Sanders II*), No. 20-cv-5621 (VEC), 2021 WL 5988343, at \*2–3 (S.D.N.Y. Dec. 17, 2021).

## II.    Motion Conversion

Scott relatedly argues that the district court abused its discretion when it considered the divorce-proceeding materials in connection with Defendants' Rule 12(b)(6) motion; according to Scott, reliance on such matters obliged the district court to convert the motion into one for summary judgment under Rule 56. *See In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998). To be sure, Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion

must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But materials that are properly subject to judicial notice are not considered matters outside the pleadings, and, as a result, consideration of such materials does not trigger the Rule 12(d) conversion requirement. *See Staehr*, 547 F.3d at 426. Here, because the judgment and related court filings from the New Jersey divorce proceeding were properly subject to judicial notice, the district court was not required to convert the motion to dismiss into a motion for summary judgment.

## III. Issue Preclusion

Scott also challenges, on numerous grounds, the district court's conclusion that he was collaterally estopped from pursing this lawsuit in light of the previous New Jersey divorce proceeding. We reject all of Scott's arguments.

When a party seeks to apply issue preclusion based on a prior state-court decision, we apply the preclusion doctrine of the originating state. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In New Jersey, a prior judgment has issue-preclusive effect if: (1) the issue presented in the second action is identical or substantially similar to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the

6

court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to, or in privity with a party to, the earlier proceeding. *See First Union Nat. Bank v. Penn Salem Marina, Inc.*, 190 N.J. 342, 352–54 (2007); *Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521 (2006). Additionally, because issue preclusion finds its origins in equity, New Jersey law requires the doctrine to be applied with an eye towards fairness for all parties. *Olivieri*, 186 N.J. at 521–22. We review the district court's analysis of the five-prong legal test de novo and the district court's fairness analysis for abuse of discretion. *See Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 80 (2d Cir. 2019).

On appeal, Scott primarily contends that the issues that form the basis of his federal claims were not identical or substantially similar to issues actually litigated and decided in the New Jersey divorce proceeding. Like the district court, we will address this contention as it pertains to specific businesses or properties: (1) a car wash, gas station, and convenience store business in Brooklyn ("Rogers Avenue Enterprises"); (2) a gas station, convenience store, and auto repair business in Queens ("TGAR"); (3) a taxi-cab business ("Prime"); (4) a property in Brooklyn (the "McDonald Avenue Property"); (5) a property in Staten Island (the

7

"Grafe Street Property"); and (6) and a property in Florida (the "Fort Lauderdale

Condo"). *See Sanders I*, 2021 WL 4392053, at *2. While we recognize that in New

Jersey issue preclusion bars relitigation only of questions "distinctly put in issue"

and "directly determine[d]" by the prior court, *City of Plainfield v. Public Serv. Gas

& Elec. Co.*, 82 N.J. 245, 257 (1980) (internal quotation marks omitted); *see also In re

Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (summarizing New Jersey issue-

preclusion law), we ultimately agree with the district court that the issues raised

by Scott's federal complaint concerning each of these properties were sufficiently

litigated and decided in the divorce proceeding, *see Sanders I*, 2021 WL 4392053, at

*5–10.

Regarding Rogers Avenue Enterprises and TGAR, Scott's federal complaint

alleged that Marcie impermissibly gained access to both businesses' bank accounts

and stole the businesses' assets. Similarly, the complaint alleged that Marcie stole

the business assets of Prime, as well as diluted the value of the business through

an insurance-fraud scheme. But, as the district court recognized, Marcie's alleged

theft from, and/or mismanagement of, Rogers Avenue Enterprises, TGAR, and

Prime was specifically raised during the divorce proceeding, after which the New

Jersey court found Scott's "varied and wild accusations" to be unsubstantiated, J.

8

App'x at 239, and proceeded with its equitable distribution of the Sanders' marital assets. Because it is clear from the record that the New Jersey court squarely considered and rejected the allegations of Marcie's misconduct related to Rogers Avenue Enterprises, TGAR, and Prime, the district court did not err in concluding that Scott was precluded from relitigating that alleged misconduct in his federal action.

We reach the same conclusion with respect to the McDonald Avenue Property, the Grafe Street Property, and the Fort Lauderdale Condo. Scott's complaint primarily alleged that Marcie had stolen either sale proceeds or rental income associated with each of these properties. But again, the issue of ownership of each of these three properties – and the corresponding right to sale proceeds or rental income – was contested and settled in the New Jersey divorce proceeding, which precludes Scott from relitigating that issue in his subsequent federal suit. In an attempt to avoid preclusion, Scott argues for the first time on appeal that the allegations in his federal complaint regarding these three properties pertain to the *mismanagement of trusts* related to each property, not the *ownership* of each property. However, we decline to consider whether this framing saves Scott's claims from issue preclusion, as Scott forfeited this argument

9

by not raising it in the district court. *See Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011).

Scott next asserts that issue preclusion cannot apply because the judgment in the New Jersey divorce proceeding was entered on the basis of his default and is therefore not a final judgment under New Jersey law. But Scott failed to raise this argument before the district court on Defendants' motion to dismiss, thereby forfeiting it on appeal. *See Official Comm. of Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration.").

Scott's contention that the New Jersey divorce judgment should not have issue-preclusive effect because Marcie committed fraud on the court to obtain it is equally unavailing. A careful review of Scott's federal complaint reveals no facts alleging that Marcie "sentiently set in motion some unconscionable scheme calculated to interfere with the [New Jersey court's] ability [to] impartially . . . adjudicate" the divorce. *Triffin v. Automatic Data Processing, Inc.*, 411 N.J. Super. 292, 298 (2010); *see also Shammas v. Shammas*, 9 N.J. 321, 329–30 (1952). Absent such allegations, Scott cannot prevail on his fraud-on-the-court argument.

10

Finally, Scott takes issue with the district court's fairness analysis. But far from abusing its discretion, the district court thoroughly surveyed the numerous fairness factors under New Jersey law and reasonably explained why the relevant factors favored applying issue preclusion here. *See Sanders I*, 2021 WL 4392053, at *11; *see also Allen v. V & A Bros., Inc.*, 208 N.J. 114, 138 (2011).

## IV. Leave to Amend

Scott alternatively argues that, even if the district court properly dismissed the complaint, it nevertheless erred in denying him leave to amend. Again, we disagree. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) ("[W]hen the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a de novo review." (internal quotation marks omitted)). While courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), denial of leave to amend on the basis of futility is proper "where the request [for leave to amend] gives no clue as to how the complaint's defects would be cured," *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190–91 (2d Cir. 2015) (internal quotation marks omitted). Here, Scott sought leave to amend the complaint to further develop his allegations of fraud on the court in the divorce proceeding. But

11

neither in the district court nor on appeal has he offered the kind of details required to prevail on such a motion. Given the conclusory nature of Scott's request, we cannot say that the district court erred in refusing to grant Scott leave to amend the complaint.

*       *       *

We have considered all of Scott's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12